**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID D. HARRIS, | No. 2:21-CV-0917-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| MARCH FONG EU, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) March Fong Eu, who was the California Secretary of State from 1975 through 1994 and who is now deceased; and (2) Gavin Newsom, the current Governor of the State of California.  See ECF No. 1, pg. 1.  Both are sued in their individual and official capacities.  See id.  Plaintiff claims March Fon Eu "violated my rights when she took my intrinsic name away from me, by altering its original state, taken from David Deamon Harris to DAVID DEAMON HARRIS, by doing so also changes its meaning as well."  Id. at 7.  The complaint contains no reference to Gavin Newsom outside the caption.  Though Plaintiff's complaint is unclear and disjointed, it appears the gravamen of his claim is the belief that release on a surety bond is an alternative to incarceration and that, in some way, Plaintiff's rights are being denied by continued incarceration.

## II.  DISCUSSION

As to the only named defendants – March Fong Eu, the former California Secretary of State, and Gavin Newsom, the current California Governor – the complaint fails to state a claim.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."

2

1   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

2   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

3   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

4   specific facts as to each individual defendant's causal role in the alleged constitutional

5   deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

6        Here, Plaintiff has failed to establish a causal connection between either named

7   defendant and violation of a constitutional or statutory right.  First, Plaintiff has not pleaded any

8   facts to indicate how describing Plaintiff's name in capital letters (as this Court does in the

9   caption above), violates Plaintiff's constitutional or statutory rights.  Second, Plaintiff has not

10  included any allegations as against Gavin Newsom.  Plaintiff will be provided an opportunity to

11  amend.

12

13            **III.  CONCLUSION**

14       Because it is possible that the deficiencies identified in this order may be cured by

15  amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

16  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

17  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

18  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

19  amend, all claims alleged in the original complaint which are not alleged in the amended

20  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

21  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

22  Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

23  complete in itself without reference to any prior pleading.  See id.

24       If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

25  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

26  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

27  each named defendant is involved, and must set forth some affirmative link or connection

28  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

        Accordingly, IT IS HEREBY ORDERED that:

        1.    Plaintiff's complaint is dismissed with leave to amend; and

        2.    Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: September 21, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE