1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DAVID D. HARRIS,                          No.  2:21-CV-0917-KJM-DMC-P

12                    Plaintiff,

13         v.                                   <u>FINDINGS AND RECOMMENDATIONS</u>

14    MARCH FONG EU, et al.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.

19          On September 21, 2021, the Court concluded that Plaintiff's original complaint

20    failed to state a claim against the named Defendants and provided Plaintiff an opportunity to file a

21    first amended complaint.  <u>See</u> ECF No. 10.  Plaintiff thereafter filed a first amended complaint.

22    <u>See</u> ECF No. 11.  Plaintiff then filed a second amended complaint as of right pursuant to Federal

23    Rule of Civil Procedure 15, which is now before the Court.  <u>See</u> ECF No. 12.

24          The Court is required to screen complaints brought by prisoners seeking relief

25    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

26    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

27    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

28    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

                                            1

the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as Defendants: (1) California Secretary of State, Shirley Weber; and (2) United States Treasury Secretary, Janel Yellen.[1] See ECF No. 12, pg. 1. Plaintiff asserts that the Defendants have "knowingly broke their oaths of office when they swore to do no harm and committed fraud." Id. Plaintiff also asserts that Defendants are "guilty of denying the Plaintiff of his right to [be] free of servitude," and that he is "simply another link [in] the corporation of the United States chain" and that Defendants are "getting paided [sic] off" by "using [his] CUSIP # to generate funds, and to tax it" by using his "intrinsic name, and forge [his] signature without [his] consent or knowledge." Id., pg. 2. Plaintiff attaches as exhibits several documents which appear to list as, inter alia, "common crimes committed by those in government," of which the source and the author are unknown. See id., pgs. 4-11. Lastly, Plaintiff requests that, "before [he] jump[s] right to [his] criminal complaint against the Defendants" he have an opportunity to settle the action amicaly [sic]." Id., pg. 2. In his "action requested," which the Court construes as relief requested, Plaintiff requests, among other things,

---

[1] Plaintiff originally named former California Secretary of State March Fong Eu and California Governor Gavin Newsom. Neither are named on the operative second amended complaint.

that "1st amend [sic] complaint be granted and binded [sic] to each Defendant as stated a cognative [sic] claim." Id., pg. 3.

## II. DISCUSSION

As to the only named defendants – Shirley Weber, the California Secretary of State and Janet Yellen, Security of U.S. Treasury – the complaint fails to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). However, in order to survive dismissal for failure to state a claim, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and "enough facts to state a claim to relief that is plausible on its face." Id. at 555-56, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The mere possibility of misconduct will not suffice to meet this standard. See id. at 679.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

/ / /

3

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  When applied to a complaint, the term "frivolous" embraces both the inarguable

4    legal conclusion and the fanciful factual allegation.  See Neitzke, 490 U.S. at 325.  The court

5    may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal

6    theory or where the factual contentions are clearly baseless.  Id. at 327.  The court need not accept

7    the allegations in the complaint as true, but must determine whether they are fanciful, fantastic, or

8    delusional.  See Denson v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490 U.S. at 328).

9    Plaintiff's complaint must be dismissed.  The Court finds the second amended

10    complaint suffers deficiencies greater than Plaintiff's previous complaints.  First, Plaintiff's

11    second amended complaint fails to satisfy the requirements of Rule 8, discussed above, as it does

12    not contain sufficiently specific allegations of facts to put the named Defendants on notice of the

13    nature of Plaintiff's claims against them.  Plaintiff does not explain how the alleged violations

14    occurred or allege with any specificity which named Defendants are responsible for what

15    behaviors.  Instead, Plaintiff makes a conclusory statement not supported by any factual

16    allegations sufficient to state a claim to relief that is plausible on its face and more than mere

17    speculation.  Instead, Plaintiff's second amended complaint is disjointed, unintelligible, vague

18    and conclusory.

19    Second, Plaintiff's complaint is devoid of any factual allegations establishing a

20    causal connection between either named Defendant and any purported violation of constitutional

21    or statutory right.  Plaintiff's vague and conclusory allegations provide no factual basis for this

22    Court to draw a reasonable inference that the named Defendants are liable for the misconduct

23    alleged. Plaintiff has failed to demonstrate how the conditions complained of have resulted in a

24    deprivation of his constitutional rights, allege in specific terms how each named Defendant is

25    involved, or set forth some link or connection between each named Defendant and the claimed

26    deprivation.

27    / / /

28    / / /

4

1    Finally, Plaintiff's second amended complaint contains no credible claim for relief.

2  Plaintiff's allegations that Defendants are guilty of denying Plaintiff his right to be free of

3  servitude and that they are using his CUSIP # and name to generate and tax funds and that

4  Defendants have forged his signature are far-fetched and simply not credible.  Plaintiff provides

5  no facts to substantiate any of these implausible allegations against Defendants.  Thus, Plaintiff

6  has failed to present an arguable basis in law and fact for which relief can be granted.

7

8                                  **III.  CONCLUSION**

9    Despite the Court advising Plaintiff of the pleading defects of his prior complaints

10  and providing him with the appropriate legal standards for pleading a claim, Plaintiff has not

11  corrected those defects here.  See ECF No. 10.  Based on the foregoing, there appears to be no

12  circumstances under which Plaintiff can plausibly state a claim; thus the Court finds further leave

13  to amend is not warranted and recommends this action be dismissed in its entirety with prejudice

14  for failure to state a claim and that Plaintiff's motion for alternative dispute resolution, ECF No.

15  13, be denied as moot.

16    These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

18  after being served with these findings and recommendations, any party may file written objections

19  with the court.  Responses to objections shall be filed within 14 days after service of objections.

20  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

21  Ylst, 951 F.2d 1153 (9th Cir. 1991).

22

23  Dated:  December 13, 2022

24  _____

25                                  DENNIS M. COTA
                                    UNITED STATES MAGISTRATE JUDGE

26

27

28

                                    5